IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
(MARTINSBURG DIVISION)

| | | |
|---|---|---|
| ALEJANDRO RAMIREZ BENITEZ<br>8757 Georgia Avenue, Suite 400<br>Silver Spring, Maryland 20910<br><br>And<br><br>REY RAMIREZ BENITEZ<br>8757 Georgia Avenue, Suite 400<br>Silver Spring, Maryland 20910<br><br>PLAINTIFFS,<br><br>v.<br><br>LAS TRANCAS OF MARTINSBURG, INC.<br>720 N. Foxcroft Avenue<br>Martinsburg, West Virginia 25401<br><br>And<br><br>EL RANCHERO OF HAGERSTOWN II, INC.<br>1580 Wesel Boulevard<br>Hagerstown, Maryland 25401<br><br>And<br><br>JOSE HUMBERTO MUNOZ<br>13 Bovey Ridge Road<br>Martinsburg, West Virginia 25403<br><br>DEFENDANTS | * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * | ELECTRONICALLY<br>FILED<br>Feb 02 2017<br>U.S. DISTRICT COURT<br>Northern District of WV<br><br><br>Case No: 3:17-CV-11 (Groh) |

## COMPLAINT

Plaintiffs Alejandro Ramirez Benitez and Rey Ramirez Benitez (together, "Plaintiffs"), by and through undersigned counsel, hereby submit their Complaint against Defendants Las Trancas of Martinsburg, Inc. ("Las Trancas"), El Ranchero of Hagerstown II, Inc. ("El Ranchero"), and Jose Humberto Munoz ("Munoz") (together, "Defendants") to recover unpaid

wages, liquidated damages, reasonable attorney's fees and costs under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* (hereinafter "FLSA") as set forth below.

## PARTIES AND JURISDICTION

1. Plaintiffs hereby affirm their consent to participate as plaintiffs in an action under the FLSA and for all relief requested herein.

2. Las Trancas is a corporation formed under the laws of the State of West Virginia with a primary office (a restaurant featuring Mexican-style cuisine) in Martinsburg, West Virginia.

3. El Ranchero is a corporation formed under the laws of the State of Maryland with a primary office (a restaurant featuring Mexican-style cuisine) in Hagerstown, Maryland.

4. At all times, Munoz was the primary owner and controlling officer of Las Trancas and El Ranchero. In this capacity, Munoz, individually, was Plaintiffs' most senior manager and supervisor, had authority to hire, fire, and discipline Plaintiffs, set Plaintiffs' weekly schedule, work hours, and work duties, set Plaintiffs' rate and method of pay, oversaw the maintenance of all employment records relating to Plaintiffs, and was generally in charge of all day-to-day operations of El Ranchero and Las Trancas, which he operated together as a single business enterprise.

5. At all times relevant to this action, Defendants had gross annual revenues exceeding $500,000.00.

6. At all times, Defendants and their employees, including Plaintiffs, used in business operations and work duties materials, products, and goods (namely food products) that

2

originated from outside the State of West Virginia, and otherwise engaged in interstate commerce such that Defendants qualified as an enterprise within the meaning of the FLSA.

7. At all times relevant to this action, all Defendants qualified as Plaintiffs' employers under the FLSA and are jointly and severally liable for unpaid wages and all other FLSA damages sought by Plaintiffs in this action.

## FACTS

8. Rey Ramirez Benitez was employed to perform work duties as a food preparer at Defendants' Las Trancas Restaurant in Martinsburg, West Virginia for the period of about February 2011 through about September 2016.

9. Alejandro Ramirez Benitez was employed to perform work duties as a food preparer at Defendants' Las Trancas Restaurant in Martinsburg, West Virginia to perform work duties as a food preparer at Defendants' El Ranchero Restaurant in Hagerstown, Maryland for the period of about February 2014 through about March 2016.

10. While employed, Defendants paid Plaintiffs as salaried employees at rates that raised periodically over the period of Claimants' employment.

11. While employed, Defendants paid Alejandro Ramirez Benitez at a salary rate that ranged from about $300.00 per week to $500.00 per week.

12. While employed, Defendants paid Rey Ramirez Benitez at a salary rate that ranged from about $400.00 per week to $600.00 per week.

13. While employed, the exact number of hours Plaintiffs worked varied slightly from week to week.

14. While employed, Plaintiffs typically worked between sixty-five (65) to seventy (70) hours per week and Defendants had knowledge that Plaintiffs typically worked sixty-five (65) to seventy (70) hours per week.

15. In many weeks during Plaintiffs' employment, Plaintiffs regular hourly rate (determined by dividing total weekly compensation by total weekly hours worked) calculated to less than $7.25 per hour and therefore was less than the required Federal Minimum Wage of $7.25 per hour.

16. Pursuant to the FLSA, Defendants were obligated to pay Plaintiffs at the rate equal to <u>the higher of</u> one-and-one half (1½) times their regular hourly rate or one-and-one-half (1 ½) times the Federal Minimum Wage ($7.25 * 1.5 = $10.88) for all overtime hours worked more than forty (40) per week.

17. At no time did Defendants pay Plaintiffs at the FLSA required overtime rate for hours worked more than forty (40) per week.

18. At all times, Defendants had actual knowledge of the FLSA minimum wage and overtime pay requirement and had knowledge that the rate and method by which Defendants paid Plaintiffs was in direct violation of the FLSA.

19. At no time did Defendants ever post any notice at its place of business that the FLSA requires compensation at or about the Federal Minimum Wage or time-and-one-half wages be paid for hours worked over forty (40) per week; that Plaintiffs had the right to go to the Department of Labor or to file a lawsuit to recover unpaid wages under the FLSA; or that the FLSA has a strict anti-retaliation provision that would make it illegal for Defendants to retaliate against Plaintiffs for asserting rights under the FLSA to recover unpaid wages under the FLSA.

20. Because Defendants failed to post required FLSA notices, Plaintiffs did not have knowledge of their FLSA minimum wage or overtime rights (or how to enforce those rights) until Plaintiffs retained counsel in this matter on November 6, 2016.

21. Because Defendants failed to post required FLSA notices, Plaintiffs' claim to recover unpaid wages and damages under the FLSA is equitably tolled to the beginning of their employment period in 2004. *See* 29 C.F.R. § 516.4; *Cruz v. Maypa*, 773 F.3d 138, 146-47 (4th Cir. 2014).

## CAUSE OF ACTION
### (Violation of Federal Fair Labor Standards Act)

22. Plaintiffs re-allege and reassert every allegation set forth above as if each were set forth herein.

23. As set forth above, Defendants failed to pay Plaintiffs at the FLSA required Minimum Wage Rate for all non-overtime hours worked while in Defendants' employment.

24. As set forth above, Defendants failed to pay Plaintiffs at the FLSA required overtime rate for hours worked more than forty (40) per week while in Defendants' employment.

25. Defendants' failure to pay Plaintiffs as required by the FLSA was with actual knowledge of illegality and was therefore willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs for all unpaid wages in an amount to be proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Garry G. Geffert (W.Va. Bar # 1364)
114 S. Maple Ave.
P.O. Box 2281
Martinsburg, WV 25402
voice: (304) 262-4436
facsimile: (304) 596-2474
email: geffert@wvdsl.net

Gregg C. Greenberg (MD Fed. Bar #17291)
*To be appearing pro hac vice*
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
voice: (301) 587-9373
facsimile: (240) 839-9142
email: ggreenberg@zagfirm.com

*Counsel for Plaintiffs*

By: _____
Garry G. Geffert

Date: February 2, 2017